UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD VAUGHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:07-0210 |
| ) | |
| PERRY COUNTY GOVERNMENT, ) | Judge Echols/Bryant |
| ) | |
| Defendant. ) | |

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

This case was referred to the undersigned for consideration of all pretrial matters and for a report and recommendation on any dispositive motion (Docket Entry No. 9).

Pending before the Court is defendant's Motion To Dismiss for improper venue (Docket Entry No. 7). Plaintiff has not responded to this motion. For the reasons stated below, the undersigned **RECOMMENDS** that defendant's Motion To Dismiss be **DENIED**, and that this action be **TRANSFERRED** to the Western District of Tennessee, Eastern Division, pursuant to 28 U.S.C. § 1406(a).

### Summary of Facts

Plaintiff Richard Vaughan, proceeding pro se, delivered his complaint in this Title VII action to the Clerk on January 23, 2007, accompanied by an application to proceed in forma pauperis. This case was initially assigned a miscellaneous number, 3:07-mc-0020, in accord with district practice in in forma pauperis cases. After the District Judge denied plaintiff's in forma pauperis application for insufficient financial information (Docket Entry

No. 2, 3:07-mc-0020), plaintiff paid the $350 filing fee on February 20, 2007.

### Defendant's Motion To Dismiss

Defendant has filed its motion to dismiss under Rules 12(b)(2) and 12(b)(3) on the ground that the Middle District of Tennessee is an improper venue for an action against Perry County. Moreover, defendant maintains that this case should be dismissed rather than transferred to the proper district because the complaint is barred by the 90-day statute of limitations provided in 42 U.S.C. § 2000e-5(f)(1).

### Analysis

Title 28, Section 1391(b), United States Code, provides as follows:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendant may be found, if there is no district in which the action may otherwise be brought.

Perry County, Tennessee, the defendant in this action, and the locale where a substantial part, if not all, of the events giving rise to this claim occurred, lies not in the Middle District, but instead in the Western District of Tennessee, Eastern Division. 28

2

U.S.C. § 123(c)(1). Accordingly, the Middle District of Tennessee is an improper venue for an action against Perry County.

Title 28, Section 1406(a), of the United States Code provides as follows:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Defendant argues that, in the interest of justice, this case should be dismissed rather than transferred because, if transferred, the case is subject to dismissal as time-barred by the statute of limitations provided in 42 U.S.C. § 2000e-5(f)(1). This statute provides that an action may be brought within 90 days after the plaintiff's receipt of the EEOC's "right-to-sue" notice. Defendant argues that the record shows that the "right-to-sue" notice was mailed by the EEOC to plaintiff on November 1, 2006, the same day that plaintiff states he received the notice (Docket Entry No. 1 at 4), and the complaint was not filed until February 20, 2007, 111 days later.

However, the record shows that Vaughan's complaint, together with his application to proceed in forma pauperis, was stamped "received" by the Clerk's Office on January 23, 2007, within the 90-day limitations period. The Court denied his in forma pauperis application by order entered February 12, 2007, and a copy of this order was received by Vaughan on February 14, 2007. He paid the filing fee six days later on February 20, 2007.

3

In a case addressing the effect of an <u>in forma pauperis</u> application on the 90-day time limitation in Title VII cases, the Court of Appeals for the Sixth Circuit has stated as follows:

> The ninety-day time limitation in Title VII cases is not jurisdictional; therefore, equitable tolling is available. <u>See</u>, <u>e.g.</u>, <u>Jarrett</u>, 22 F.3d at 259-60. As we have stated, the ninety-day period should be tolled during the pendency of a plaintiff's IFP application. <u>See</u>, <u>e.g.</u>, <u>id.</u>

<u>Truitt v. County of Wayne</u>, 148 F.3d 644, 648 (6th Cir. 1998). In this case, if the running of the 90-day limitations period was equitably tolled between plaintiff's lodging the complaint and IFP application with the Clerk on January 23, 2007 and plaintiff's receipt of the Court's order denying IFP status on February 14, his payment of the filing fee on February 20 (the 88th countable day following November 1, 2006) was timely, and the action is not subject to dismissal based on the 90-day limitations period.

### **Recommendation**

For the reasons stated above, the undersigned hereby **RECOMMENDS** that defendant's Motion To Dismiss be **DENIED**, and that this action be **TRANSFERRED** to the United States District Court for the Western District of Tennessee, Eastern Division, pursuant to 28 U.S.C. § 1406(a).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said

4

objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

    **ENTERED** this 1st day of June, 2007.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge